MADISON BUILDING ASSN. *v.* ECKERT.

(Decided July 9, 1934.)

*Messrs. Ireton & Schoenle,* for plaintiff in error.

*Mr. Bernard J. Gilday* and *Mr. J. Paul McQueen,* for defendant in error.

Ross, J. This is a proceeding in error to reverse a judgment of the Court of Common Pleas of Hamilton county, affirming a judgment of the Municipal Court of Cincinnati in favor of the plaintiff in that court, the Madison Building Association. The building association, not being satisfied with the amount of the judgment, prosecutes error to this court.

On February 15, 1926, the plaintiff in error, the

Madison Building Association, leased certain premises to the defendant in error, Louis F. Eckert, for a period of two years, with a privilege of renewal for another two years, which was exercised by the defendant in error.

The lease provided for a monthly rental of $115. Without any formal renewal, the defendant in error continued in possession of the premises until some time in March or April, 1932, when negotiations were opened between the parties looking toward the making of a new lease. Owing to differences between the parties as to the terms of the proposed lease, the same was never accepted by Eckert, defendant in error, but in May, 1932, the rent, by consent of an officer of plaintiff in error, was reduced to $95, and defendant in error continued to pay this rent until September, 1933, when at the end of the month a check for $95 was tendered plaintiff in error in full of all rent due, including the month of September, 1933. The check, bearing a statement that it was in full for rent due, was refused by plaintiff in error, and suit was instituted against Eckert upon a basis of $20 per month from May, 1932, to and including September 30, 1933, and $115 per month from October 1, 1933, to November 30, 1933.

If the tenancy of the defendant in error after the expiration of the first renewal of two years, to-wit March 1, 1930, was from year to year, then the plaintiff in error should have recovered according to its claim. If the tenancy was from month to month, then the judgment of the Municipal Court for the rent at $95 per month for the month of September, 1933, was correct, since the rent could be changed by agreement in any month.

We can see no essential difference in principle between a tenancy continuing after the expiration of the term of a lease, or a renewal period provided for

therein, and a tenancy under a void lease. In neither case is there existent a contract except by interpretation. It has been held that the tenancy under a void lease is from year to year, or month to month, according to the provision in the lease for the payment of rent. If the rent is for a stated amount per year, though payable monthly, the tenancy is from year to year. If the lease provides for monthly payments of rent only, then the tenancy is from month to month. *Wineburgh* v. *Toledo Corp.*, 125 Ohio St., 219, 181 N. E., 20, 82 A. L. R., 1315. In that case the court says in the opinion, at page 222:

"Since that decision [*Richardson* v. *Bates*, 8 Ohio St., 257] was made this court has held that an entry by a lessee under a lease, defectively executed, for a term of years, at an annual rental, creates a tenancy only from year to year; if at a monthly rental the tenancy created is from month to month. *Baltimore & O. Rd. Co.* v. *West*, 57 Ohio St., 161, 49 N. E., 344; *Lithograph Building Co.* v. *Watt*, 96 Ohio St., 74, 117 N. E., 25; *Toussaint Shooting Club* v. *Schwartz*, 84 Ohio St., 440, 95 N. E., 1158."

We therefore consider the judgment of the Court of Common Pleas and Municipal Court correct, and affirm the judgment below.

*Judgment affirmed.*

HAMILTON, P. J., concurs.