**VILLAGE STATION ASSOCIATES, Appellant,**

v.

**GEAUGA COMPANY, Appellee.**

[Cite as *Village Station Assoc. v. Geauga Co.* (1992), 84 Ohio App.3d 448.]

Court of Appeals of Ohio,
Geauga County.

No. 92–G–1696.

Decided Dec. 21, 1992.

*Jerry A. Petersen,* for appellant.

*Paul T. Murphy* and *Lawrence J. Dolan,* for appellee.

———————

Ford, Presiding Judge.

This appeal comes to us from the Geauga County Court of Common Pleas, where the trial court granted appellee's motion for summary judgment. This is an accelerated calendar case.

Appellant owns real property known as "Village Station, No. 4." Appellant and appellee entered into a lease agreement for Village Station beginning November 1, 1986, and terminating midnight October 31, 1991, with an option to renew. Appellee did not exercise the renewal option. The monthly rental was $8,209.68.

■ Appellant served appellee with notice to leave the premises on October 23, 1991, but appellee did not vacate in accordance with the lease terms. Instead, appellee remained there until November 9, 1991. Article 20 of the lease agreement at issue, titled "Holding Over," states as follows:

*"Should Lessee withhold possession of the premises after the termination of this Lease,* whether by expiration of the terms of the demise or otherwise, the damages for which Lessee shall be liable to the Lessor for such detention shall be and hereby are *liquidated at a sum equal to double the rental stipulated herein for a period equal to the period of such detention.* Should Lessee occupy the premises after the termination of this Lease for any cause whatsoever, Lessee shall be considered a tenant at will and by sufferance of Lessor and no such occupancy shall operate as a renewal of the Lease or any part thereof, and *thereafter Lessee shall be a tenant on a month to month basis."*

Appellee delivered to appellant two checks toward the nine days it held over in November 1991, pursuant to the Article 20 terms; one in the amount of $2,462.90, and the second in the amount of $2,462.91.

Appellant contends that Article 20 rendered appellee a month-to-month tenant upon expiration of the lease, entitling appellant to liquidated damages in the amount of double the fair rental value for the entire month. While appellee admitted it technically became a month-to-month tenant upon expiration of the lease, it contends that pursuant to Article 20, as agreed to by the parties, the damages due to appellant as a result of appellee's holdover were liquidated in the amount of double the fair rental value only for the nine days it actually held over. Appellee also responded that to hold otherwise would transform a legal liquidated damages clause into an illegal penalty clause.

Each party filed motions for summary judgment pursuant to an order of the court. The court reasoned that the first sentence of Article 20 concerned the "amount of holdover rent to be paid," while the second sentence concerned the "type of tenancy established by the act of holding over," and that in order to give meaning to both apparently inconsistent sentences as required by "a rule of construction," the first sentence was controlling as to the amount of damages due. Appellant timely appeals from the lower court's decision in favor of appellee.

Appellant assigns the following as error:

"Whether the trial court erred as a matter of law in granting the defendant's motion for summary judgment and denying plaintiff's motion for summary judgment. * * *"

Appellant claims rental for the entire month of November 1991 in the sum of $16,419.36 less the sum of $4,925.81 received by appellant from appellee for a balance due of $11,493.55. Appellant cites as authority for its claim the Eighth District case of *Palevsky v. Bentfield* (1933), 46 Ohio App. 385, 15 Ohio Law Abs. 541, 188 N.E. 660, where the court held that a tenant from month to month who holds over after the expiration of his term is liable at the election of the landlord for another month's rent. *Id.*, 46 Ohio App. at 387, 15 Ohio Law Abs. at 542, 188 N.E. at 661.

Appellant also contends that a close reading of Article 20 indicates that the first sentence cannot legally be read in conjunction with the second sentence because each sentence provides for different remedies, and they are therefore disjunctive. We do not agree that these provisions are necessarily incapable of being read in conjunction with one another, as will be more fully discussed in the ensuing analysis.

Appellee, on the other hand, points out that the *Palevsky* court also stated that the above rule was "dependent upon the terms of the original lease" and applied only "in the absence of other circumstances." Accordingly, appellee further argues that in this case there are additional lease terms and "other circumstances" which would negate appellant's interpretation of *Palevsky*.

We note preliminarily that both parties' references to *Palevsky* are slightly misguided and ignore important facts distinguishing *Palevsky* from the instant case. First, appellee here was not a month-to-month tenant, but was a tenant for a term of five years. Second, Article 20 is not a renewal or extension clause intended to create a new lease agreement as in *Palevsky*. Instead, it is a liquidated damages clause which spells out damages due appellant as a result of the tenant's holdover. Under Article 20, appellee became a month-to-month tenant merely for purposes of calculating damages in the event of a holdover situation.

■ As stated, appellant contends that the two sentences of Article 20 are disjunctive under common-law principles. Appellant bases its contention on the fact that the first sentence of Article 20 provides that appellee would be liable only for each day it held over instead of for an entire month's rent. Appellant points out that under traditional common-law principles, a continuance in possession of premises under an expired lease for a term of years containing a provision for monthly rental, as in the instant case, creates a tenancy from month to month. See *Madison Bldg. Assn. v. Eckert* (1934), 49 Ohio App. 210, 3 O.O. 96, 196 N.E. 789. Accordingly, appellant informs us that under *Palevsky*, this month-to-month tenant becomes liable for an entire month's rent instead of a daily rental fee as prescribed in Article 20.

■ Appellant's argument fails in light of R.C. Chapter 5321. R.C. 5321.06, governing rental agreement terms, states in pertinent part that:

"A landlord and a tenant may include in a rental agreement *any terms and conditions*, including any term relating to rent, the duration of an agreement, and any other provisions governing the rights and obligations of the parties that are not inconsistent with or prohibited by Chapter 5321. of the Revised Code or any other rule of law." (Emphasis added.)

Accordingly, parties to a lease agreement can agree to anything they wish within the limits of the law. Hence, finding nothing in Article 20 inconsistent with the law, we conclude that the parties in the instant case had the right to agree that a tenant for a term of years must pay daily instead of monthly rent in the event of a month-to-month holdover situation.

Further, it is well settled that:

"If the tenant continues his occupation after the time when the landlord claims the lease has expired, * * * the measure of damages is not the landlord's loss of profits, *but is the value of the use of the premises during such holding over* * * *." 65 Ohio Jurisprudence 3d (1986) 596–597, Landlord and Tenant, Section 523, citing *Lane v. Greene* (1926), 21 Ohio App. 62, 152 N.E. 790.

Thus, appellee should be held liable only for the value of the nine days it actually held over. The true problem that arises, if we adopt appellant's position, is that appellee would be liable for *double* the monthly rental.

■ First, R.C. Chapter 5321 prohibits parties to a lease from agreeing on illegal terms. It is well settled that liquidated damages must have some relation to actual damages. *Miller v. Blockberger* (1924), 111 Ohio St. 798, 146 N.E. 206. Had appellant's theory of damages been accepted, the liquidated damages clause would become unreasonable and unconscionable, an unenforceable penalty. See *Samson Sales, Inc. v. Honeywell, Inc.* (1984), 12 Ohio St.3d 27, 12 OBR 23, 465

N.E.2d 392; see, also, *Miller.* Such an unconscionable provision would be contrary to law, resulting in a violation of R.C. Chapter 5321.

In the instant case, had appellee been required to pay double the amount of rent for the entire month of November ($16,419.36), the damages would have been grossly disproportionate to appellant's *actual* damages, because appellee only held over nine extra days. The rental value of nine days is only $2,462.90. Appellant proffers no evidence in support of penalizing appellee. For example, there is no evidence that there were other tenants waiting to move into the premises on November 1, 1991, thus causing appellant to suffer consequential damages.

Second, even if we were to interpret the two sentences in Article 20 to be disjunctive, it is well established in Ohio that a court must give meaning to all provisions of a contract if possible. *German Fire Ins. Co. v. Roost* (1897), 55 Ohio St. 581, 45 N.E. 1097. Specifically "[i]t is an established principle of contract law that 'no provision [of a contract] is to be wholly disregarded because [it is] inconsistent with other provisions unless no other reasonable construction is possible * * *. If reasonable effect can be given to both, then both are to be retained.'" *Mon–Rite Constr. Co. v. Northeast Ohio Regional Sewer Dist.* (1984), 20 Ohio App.3d 255, 259, 20 OBR 317, 321, 485 N.E.2d 799, 802. Therefore, even in the absence of R.C. Chapter 5321, the trial court acted properly by giving reasonable construction to both sentences so that they could remain part of the lease.

Based on the foregoing, we conclude that the trial court did not err in ruling that, as a matter of law, appellant's damages under the terms of Article 20 amounted to no more than double the fair rental value of nine days, the period of actual detention. Accordingly, we affirm the judgment of the trial court.

*Judgment affirmed.*

JOSEPH E. MAHONEY and NADER, JJ., concur.