OPINION
Plaintiff-appellant, Dorothy Scott, appeals a Warren County Court decision awarding her a judgment in a landlord-tenant dispute. This case is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
Defendants-appellees, David and Holly Motif, are former tenants of property owned by appellant. Appellant filed a "Complaint for Forcible Entry and Detention, Rent, and Damages" against the Motifs. After a hearing, the trial court found in favor of appellant and awarded her damages in the amount of $909.82. This damage award included compensation for unpaid rent, window repair, and carpet replacement. Although appellant also requested $2,100 for repair of damage to her building resulting from the installation of television cable, the trial court made no award based upon this request.
Appellant appeals, raising one assignment of error for our review. In her assignment of error, appellant insists that the trial court erred by failing to award appellant damages based upon the Motifs' installation of television cable.
"[P]arties to a lease agreement can agree to anything they wish within the limits of the law." Village Station Assoc. v. Geauga Co. (1992),84 Ohio App.3d 448, 451. Rental rule number eleven of the leasing agreement between appellant and the Motifs states that there will be "[n]o TV cables, satelute [sic] dishes or towers on building." This provision was permissible under the law.
The evidence presented to the trial court demonstrated that the Motifs had installed television cable in violation of the leasing agreement. The Motifs admitted that they had television cable installed in their apartment. However, David Motif asserted that other tenants installed cable before he did. A letter from Time Warner Cable verified that there had been prior television cable installations in appellant's building before the Motifs' installation. David Motif further argued that installation of cable into his unit required the drilling of only one hole in the front of the building. Appellant, on the other hand, contended that the cable runs down an entire side of the building. Appellant presented an estimate from Pro-Finish Interior/Exterior Painting stating that repair of holes created by cable installation would cost appellant $2,100.
We find that the trial court erred by not awarding any damages for television cable installation. Because other tenants installed television cable in appellant's building before the Motifs, the Motifs' liability might be less than the $2,100 estimate offered by appellant, but the Motifs should pay their share of any actual damages that may be proved to have been caused by them. Appellant's assignment of error is sustained.
The trial court's judgment is reversed insofar as it awards no monetary damages based upon the Motifs' installation of television cable. This matter is remanded to the trial court to award an appropriate amount of damages to appellant based upon this violation of the leasing agreement.
Judgment affirmed in part, reversed in part, and remanded for further proceedings.
WALSH and POWELL, JJ., concur.