[Cite as *Ozdemir v. Boldt*, 2018-Ohio-5008.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Salih Ozdemir

    Appellee

v.

Kim Boldt

    Appellant

Court of Appeals No. L-18-1022

Trial Court No. CVI-17-06110

**DECISION AND JUDGMENT**

Decided: December 14, 2018

* * * * *

Kim Boldt, pro se.

* * * * *

**SINGER, J.**

{¶ 1} Kim Boldt ("appellant"), acting pro se, appeals the December 27, 2017 judgment of the Toledo Municipal Court, where she was granted a prorated amount of rent for a month in which a tenant, appellee Salih Ozdemir, moved out of her property on the fifth day. Finding no error, we affirm.

## Background

**{¶ 2}** Appellee leased a rental property from appellant in June 2015. The six-month term of the lease was to begin July 2015 through December 2015.

**{¶ 3}** Appellee continued to reside in the property beyond that term and, in late January 2017, notified appellant of his intention to vacate the property on March 5, 2017. Appellant did not object verbally or in writing to appellee's plan.

**{¶ 4}** Appellee vacated the property on March 5, 2017, and appellant gained possession the following day. Appellant attempted to rent the property for the remainder of the month, however, was unsuccessful.

**{¶ 5}** In early April 2017, appellant sent appellee an itemized statement of damages related to the property. The statement reflected that appellee was liable for $895 rent for the entire month of March 2017, and for $425 for beyond wear and tear damages. Appellant withheld appellee's $500 security deposit, so the stated amount owed was $830.

**{¶ 6}** Appellee did not pay the amount demanded. On April 28, 2017, appellee filed a complaint seeking recovery of his security deposit. The matter proceeded to hearing before a magistrate on August 11, 2017.

**{¶ 7}** The magistrate held appellee was entitled to $54.65. The magistrate specifically found appellee was entitled to his $500 security deposit, less $144.35 for prorated March 2017 rent, $50 late fee for not timely paying March 2017 rent, and $250 for repairs.

2.

**{¶ 8}** Appellant objected to the magistrate's decision on August 25, 2017, and appellee responded on September 6, 2017. The trial court granted appellant's objections on September 13, 2017, and a new hearing was set for October 23, 2017.

**{¶ 9}** At the hearing, both parties testified and argued pro se. Appellee presented photographic evidence and argued that he should not be liable for March's rent or cleaning costs. Appellant argued in opposition, but conceded that she did not notify appellee that he would be responsible for all of March's rent and did not suffer damages as a result of other tenants waiting to occupy the property.

**{¶ 10}** The magistrate issued and journalized his recommendation on November 9, 2017. Specifically, the entry states "Judgment for Plaintiff on Complaint for $30.65 plus costs; Judgment for Plaintiff on Counterclaim." The magistrate specifically found appellee was entitled to his $500 security deposit, less $144.35 for prorated March 2017 rent, $25 late fee for not timely paying February 2017 rent, $25 for stove/oven cleaning, $75 for wall/wallpaper repair, and $200 to remediate stained cabinets.

**{¶ 11}** In support of the judgment, the magistrate found that appellant acquiesced to appellee's plan to vacate on March 5, 2017, and that there was no evidence appellant was prevented from advertising or showing the property as early as late January 2017. The magistrate also found that appellee indeed gave timely notice of his plan to vacate, and that appellee should be treated as a holdover tenant during the month of March 2017.

**{¶ 12}** The court adopted the magistrate's decision, and the judgment entry was journalized December 27, 2017. Appellant timely appealed.

3.

## Assignment of Error

{¶ 13} Appellant sets forth the following assigned error:

> The Trial Court erred as a matter of law by ruling that a periodic month to month tenancy did not require a 30 day notice of termination starting from the beginning of the rental term to the end of the rental term. Ruling rather that a notice of termination can end on a day during a term, contrary to the lease, Ohio Rev. Code §5321.17(B) and Case Law.

## Law and Analysis

{¶ 14} Appellant argues that the trial court erred as a matter of law by finding appellee provided timely notice to vacate and by limiting appellant's rent damages to the value of a five-day holdover as opposed to the entire month. Appellee did not file a brief in this matter.

{¶ 15} Appellant cites R.C. 5321.17(B), which states: "Except as provided in division (C) of this section, the landlord or the tenant may terminate or fail to renew a month-to-month tenancy by notice given the other at least thirty days prior to the periodic rental date."

{¶ 16} Consistent with R.C. 5321.17(B), the parties' lease agreement in this case addresses "renewal or cancellation." Specifically, the relevant provision states:

> After the expiration of this term, this rental agreement shall continue on a month-to-month basis with all other covenants and conditions of this agreement, unless Lessor shall notify the Lessee of any change in the

4.

monthly rental amount thirty (30) days in advance. During any month-to-month term, Lessor or Lessee shall give thirty (30) day written notice to the other party of his intention; otherwise, rental agreement will be in full effect for another term.

{¶ 17} "The construction and interpretation of contracts are matters of law." *Latina v. Woodpath Development Co.*, 57 Ohio St.3d 212, 214, 567 N.E.2d 262 (1991). A de novo standard of review is applied to questions of law. *Children's Med. Ctr. v. Ward*, 87 Ohio App.3d 504, 508, 622 N.E.2d 692 (2d Dist.1993). Nevertheless, this court will not substitute judgment for that of the trial court regarding findings of fact if supported by competent, credible evidence. *C.E. Morris Co. v. Foley Construction Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus.

{¶ 18} Here, we find competent, credible evidence in the record which reveals that March 1, 2017, was the periodic rental date, and that appellee sent notification to appellant in late January 2017. Appellant was thus notified consistent with R.C. 5321.17(B) and the lease.

{¶ 19} Further, and with regard to appellant's contention that the trial court improperly calculated damages owed for March 2017, we find appellant misinterprets the law governing holdover tenants. R.C. 5321.06 provides: "A landlord and a tenant may include in a rental agreement any terms and conditions, including any term relating to rent, the duration of an agreement, and any other provisions governing the rights and obligations of the parties that are not inconsistent with * * * law."

5.

{¶ 20} We need only point to *Village Station Assocs. v. Geauga Co.*, 84 Ohio App.3d 448, 616 N.E.2d 1201 (11th Dist.1992), to illustrate how damages resulting from a month-to-month holdover tenancy is generally limited to the period of actual holding. *Id*. at 452. The *Village Station* court held as such in part based on the law of liquidated damages. *See id*. at 451 (stating "liquidated damages must have some relation to actual damages" and citing *Miller v. Blockberger*, 111 Ohio St. 798, 146 N.E. 206 (1924)).

{¶ 21} The parties in *Village Station* entered into a lease which stated that in the event of a holdover tenancy, the tenant would be liable for double damages and the tenancy would be on a month-to-month basis. *Id*. at 449. The landlord argued that the tenant should have been liable for the entire month of November 1991, despite the tenant only occupying the property for nine days of the month. *Id*. at 451. The *Village Station* court disagreed and found that had this theory been accepted, the damages awarded would be based on an unreasonable, unconscionable, and unenforceable penalty under R.C. 5321.06. *Id*.

{¶ 22} Applying that same rationale here, we find that had appellant's theory that appellee should be liable for the entire month of March 2017 been accepted, the cost would become an illegal penalty in violation of R.C. 5321.06. This result is not only considering payment for the full month would not reflect the five days actually held over, but also that appellant makes no claim of bad faith or that she suffered resulting consequential damages.

6.

**{¶ 23}** Accordingly, we determine the trial court properly awarded appellant the rent she was due for March 2017. The assigned error is found to be without merit.

**Conclusion**

**{¶ 24}** The judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____
JUDGE

Arlene Singer, J.

_____
James D. Jensen, J. JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.