[Cite as *Midland Funding, L.L.C. v. Trivers*, 2014-Ohio-5557.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101792**

**MIDLAND FUNDING, L.L.C.**

PLAINTIFF-APPELLEE

vs.

**OSCAR TRIVERS**

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-825236

**BEFORE:** Keough, J., Boyle, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** December 18, 2014

**ATTORNEY FOR APPELLANT**

Darryl E. Pittman
Pittman & Alexander
2490 Lee Road, Suite 115
Cleveland, Ohio 44118

**ATTORNEYS FOR APPELLEE**

Jason K. Wright
Sharon G. Petras
Tracy Schwotzer
Daniel Friedlander
Weltman, Weinberg & Reis
323 W. Lakeside Ave., Suite 200
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. The purpose of an accelerated appeal is to allow the appellate court to render a brief and conclusory opinion. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983); App.R. 11.1(E).

{¶2} Defendant-appellant, Oscar Trivers, appeals the trial court's decision granting the motion to quash service and the motion to strike filed by the plaintiff-appellant, Midland Funding L.L.C. d.b.a. Midland Funding DE LLC ("Midland"). For the reasons that follow, we reverse and remand to the trial court for further proceedings on Trivers's amended counterclaim.

{¶3} In November 2013, Midland filed suit against "Oscar Trivers" seeking to collect on an account with Target National Bank and Target Receivables L.L.C. Trivers filed an amended answer denying that he had an account with Midland or Target. He also filed an amended counterclaim asserting that Midland violated the Fair Debt Collection Practices Act ("FDCPA") and the Ohio Consumer Sales Practices Act because it was attempting to collect a debt from a non-debtor. After Midland discovered that it filed suit against the wrong "Oscar Trivers," it attempted to quash its own service on Trivers. Midland also moved to strike Trivers's amended answer and counterclaim asserting that Trivers was a non-party and failed to properly intervene in the action. In June 2014 and prior to the trial court ruling on these motions, Midland dismissed its case without prejudice. Trivers's amended counterclaim against Midland remained pending until July 2014 when the trial court granted Midland's motions to quash service and strike Trivers's amended answer and counterclaim.

{¶4} Trivers now appeals these rulings raising two assignments of error.

## I. Motion to Quash Service

{¶5} In his first assignment of error, Trivers contends that the trial court erred in granting Midland's motion to quash service because service on Trivers was properly made and perfected under Civ.R. 4. We agree.

{¶6} There is no dispute that service on Trivers was perfected pursuant to Civ.R. 4. Midland argues that the trial court did not abuse its discretion in quashing service because it was clear that Trivers was not the account holder that Midland intended to bring suit against.

{¶7} While Midland may not have intended to bring suit against this "Oscar Trivers," it does not negate the fact that Midland brought suit against Trivers, perfected service on Trivers, and pursued a cause of action against Trivers. At no time after discovering that Trivers was the wrong "Oscar Trivers," did Midland attempt to substitute the proper party pursuant to Civ.R. 15(C) or immediately dismiss its action. Midland's motion to quash service was merely an attempt to extinguish Trivers's right to pursue his counterclaim, by asserting that a non-party could not bring a claim against Midland.

{¶8} The arguments raised by Midland in this appeal were considered and rejected by the Seventh District in *Midland Funding, LLC v. Stowe*, 7th Dist. Columbiana No. 08 CO 32, 2009-Ohio-7084. In *Midland Funding*, Midland filed suit against the wrong "Donald Stowe" and after Stowe pursued a counterclaim alleging various causes of actions, including violations of the FDCPA and the Ohio Consumer Sales Practices Act, Midland moved to dismiss Stowe's counterclaim on the basis that Stowe lacked standing, was a non-party, and not the real party in interest.

{¶9} The Seventh District, after applying the language of Civ.R. 4(C), stated that the fact

that Stowe "was not [a] party to any contract with [the creditor], does not transform him into a non-party." *Id*. at ¶ 17.

{¶10} Applying the same principles and rationale to the case before this court, we find the court erred in granting Midland's motion to quash service. Trivers was served with the summons on the complaint, by certified mail, at his residence address; thus, was a proper defendant pursuant to Civ.R. 4(C). Midland cannot circumvent Trivers's right to pursue a counterclaim by attempting to negate its own actions in pursuing an action against the non-debtor.

{¶11} Accordingly, Trivers's first assignment of error is sustained.

II. Motion to Strike Amended Answer and Counterclaim

{¶12} In his second assignment of error, Trivers contends that the trial court erred in granting Midland's motion to strike his amended answer and counterclaim because he was a real party in interest entitled to enforce his rights by filing a counterclaim.

{¶13} Midland moved to strike Trivers's amended counterclaim asserting that he was a non-party to the action; thus, he did not have standing to bring an amended counterclaim in this case. Midland also argued that the amended counterclaim was filed without first obtaining leave of court.

{¶14} Having previously determined that Trivers was a party to the action, the trial court also erred in granting Midland's motion to strike. Interestingly, Midland admits that nothing prohibits Trivers from bringing an independent cause of action against Midland for a FDCPA violation. However, we also find that as a real party in interest, Trivers also had the right to assert his causes of action through a counterclaim.

**{¶15}** Under Ohio law, any claim against an opposing party, even if not arising from the same operative facts, may be raised as a counterclaim. *See* Civ.R. 13(B). A proper and validly asserted counterclaim by a real party in interest is not extinguished by a plaintiff's voluntary dismissal of its claims when the court has jurisdiction to proceed on the counterclaim. *Midland Funding,* 7th Dist. Columbiana No. 08 CO 32, 2009-Ohio-7084 at ¶ 23.

**{¶16}** A real party in interest is "one who is directly benefited [sic] or injured by the outcome of the case rather than merely having an interest in the action itself." *Midland Funding* at ¶ 18, citing *State ex rel. Sinay v. Sodders*, 80 Ohio St.3d 224, 226, 1997-Ohio-344, 685 N.E.2d 754. "When determining whether a defendant is a real party in interest with respect to his counterclaim, the analysis should focus on the counterclaim itself, not the plaintiff's original claim against the defendant." *Id.* at ¶ 20.

**{¶17}** Much like in *Midland Funding*, Trivers alleged in his amended counterclaim that he was injured by Midland's improper collection activities, specifically, that Midland was negligent in bringing suit against the wrong party. This is a proper cause of action under the FDCPA. *See, e.g., id.* at ¶ 2.

**{¶18}** Insofar as Midland argued that the trial court was correct in striking the amended counterclaim because Trivers did not receive leave of court, leave was not required because Midland did not file an answer to Trivers's original counterclaim. Civ.R. 15(A) provides that a party may amend its pleading once as a matter of course at any time before a responsive pleading is filed without first obtaining leave of court.

**{¶19}** Accordingly, the trial court erred in granting Midland's motion to strike Trivers's amended counterclaim. The second assignment of error is also sustained.

**{¶20}** Judgment reversed and remanded to the trial court for further proceedings on Trivers's amended counterclaim.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR