## PALEVSKY v BENTFIELD

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13250.   Decided Dec 11, 1933

Ben P. Rabb, Cleveland, for plaintiff in error.

C. F. McConnell, Cleveland, for defendant in error.

## OPINION

By McGILL, J.

It is the contention of the plaintiff in error Palevsky, who was plaintiff below, that Bentfield not having vacated the premises by midnight of September 30th is bound, at the election of the plaintiff, for the October rental.

It was urged by the defendant Bentfield, that his rental was paid for the entire month of September, 1933, and that this gave him a right to move on October first in order to have the benefit of the full month of September.

The first question presented relates to the time when the tenant's lease expired.

In the case of **Dennis v Coble et, 18 Oh Ap** (1923) (1 Abs 183), it is said by Richards, J, at page 63:

"The original lease was by its terms to begin on the first day of July, 1920, and while there were some negotiations between the parties and some correspondence which might be construed to imply that the lease was to terminate on July 1, 1922, we have no doubt that these matters are all referable to the original lease and that the tenancy would expire at midnight on June 30, 1922."

In the case of Title Insurance and Trust Co. Executor, etc. v Amalgamated Oil Company, 218 Pac. Rep. 71, 63 Cal. App. 29, (1923), it is stated in syllabus 1:

"Rent payable on a day certain accrues and becomes due at the very beginning of said day, and by no act of the tenant thereafter, even though performed on the same day, can the owner of the premises be divested of his right to said rent."

In 62 Corpus Juris, 978, it is stated:

"As a general rule, in the computation of time, a day is to be considered as an indivisible unit or period of time, which has its beginning coincident with the first moment of the day, and the law will not, unless there is a sufficient reason therefor, recognize or take cognizance of fractions of a day; and in some jurisdictions there are statutory provisions to this effect."

In **24 Ohio Jurisprudence, paragraph 470**, it is said:

"Where a tenant holds over after the expiration of his term without permission, a new tenancy arises at the election of the landlord. The tenancy is for another period, for example, another year, or another month, or is a periodical tenancy, as from year to year or from month to month, dependent upon the terms of the original lease."

Applying these principles, it is clear that in the absence of other circumstances, where a tenant holds over for a day or a fraction of a day, the landlord has a right to consider the tenancy as continuing and to demand his rent which has become due.

This holding over is based upon an implied agreement and indicates on the part of the tenant that he intends to continue the relationship. If the landlord so elects the tenant is then bound.

In the instant case the tenant would be liable for the October rental if it were not for the allegation in the answer that the tenant notified the landlord on September 30th that he would vacate the premises and would not occupy them during the month of October and thereafter. Inasmuch as a judgment was rendered on the pleadings, the record is silent as to whether the landlord acquiesced when this notice was given or told the tenant that he would be held unless he vacated on September 30th. If the landlord had at the time the notice was given on September 30th advised the tenant that he would be held unless he vacated by midnight of September 30th, a different question would be presented which it is unnecesary here to decide.

As the record stands, when the tenant on September 30th notified the landlord that he would vacate and would not occupy the premises during October, we think that such notification clearly rebutted any intention on the part of the tenant to remain, and that under the facts no implied agreement resulted or could result.

The oral lease in the form of a month to month tenancy, was based upon a contractual relationship of the parties. After notice to the landlord on September 30th that the tenant would not occupy the premises, it cannot possibly be said that there was any intention on the part of the tenant to continue the relationship.

For these reasons we think the court below was right in entering judgment for the defendant on the pleadings and accordingly the judgment is affirmed.

LIEGHLEY, PJ, and LEVINE, J. concur in the judgment.