Smith, Appellee, *v.* Gulf Refining Co., Appellant.

(Decided June 1, 1937.)

*Mr. Carl A. Mintz,* for appellee.
*Messrs. Howell, Roberts & Duncan,* for appellant.

Levine, P. J.   The Gulf Refining Company, lessee, entered into the original lease about December 1, 1931. The lease contained an option giving the refining company privilege of renewing the lease for a period of one year beyond its termination.   This option was exercised and the refining company became bound thereby as lessee for a period of one year, beginning December 1, 1932, and ending November 30, 1933.

On November 20, 1933, representatives of the parties to this action negotiated as to a future lease.   The plaintiff, appellee, Margaret O. Smith, was asked for a letter granting the defendant, appellant, Gulf Refining Company, a month to month tenancy.   Without going into the details we find no such letter was ever forwarded; that the representatives of the refining company were informed by plaintiff that she would take up the question with her attorney.   The refining company remained in possession of the premises.

The obligation of defendant to pay rent for the

five-month period from December 1, 1933, to May 1, 1934, is not in dispute and the trial court rendered judgment in that amount. It is the contention of plaintiff that the defendant became liable for rent for the period beginning December 1, 1933, and ending December 1, 1934, and therefore it was bound to pay the additional sum of $1050 representing rent from May 1, 1934, to December 1, 1934.

We are quite in accord with the statement of counsel for defendant that the theory of holding over is never permitted to operate against the clear intention of the parties to the contrary. We do not find from the record any such agreement to the contrary. The most that we find is that there was a request to that effect by a representative of the refining company, but such request was never acted upon.

When the refining company held over as it did, beyond the life of the lease, it became bound to the terms of the old lease. If the situation were reversed so that the refining company insisted on remaining an entire year, dated from December 1, 1933, but plaintiff refused to acquiesce in such demand, we would hold that the position of plaintiff was untenable, after allowing defendant to hold over beyond the term of the lease.

The parties became bound by the terms of the original lease to such extent as if a new lease were executed embracing the same terms and covering one year from December 1, 1933.

The judgment is affirmed.

*Judgment affirmed.*

TERRELL, J., concurs.
LIEGHLEY, J., dissents.