[Cite as *K&D Mgt., L.L.C. v. Jones*, 2021-Ohio-4310.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| K&D MANAGEMENT, L.L.C., | : | |
| Plaintiff-Appellee, | : | No. 110262 |
| v. | : | |
| HALLE JONES, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED
**RELEASED AND JOURNALIZED:** December 9, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-932468

---

### *Appearances:*

Powers Friedman Linn, PLL and Rachel C. Cohen, *for appellee.*

Halle Jones, *pro se.*

MARY J. BOYLE, A.J.:

{¶ 1} This appeal stems from a dispute between a residential tenant and landlord over damages for the tenant's failure to move out of her apartment when the lease term ended and for the landlord's alleged breaches of two separate leases.

Defendant-appellant, Halle Jones, appeals from the trial court's order granting summary judgment in favor of plaintiff-appellee, K&D Management, L.L.C. ("K&D"), and the building owner, Reserve Apartments, Ltd. ("Reserve"). Jones raises six assignments of error for our review:

> 1. It was prejudicial error to dismiss all Appellant's counterclaims/third-party claims * * *, including Counterclaims/Third-Party Claims Numbers 1-3 that Appellees did not move to dismiss in Appellees' motion for summary judgment[.]
>
> 2. It was prejudicial error to determine that Appellant's December 15, 2020 motion for summary judgment on liability for Appellant's counterclaims/third-party claims was moot. * * *
>
> 3. It was prejudicial error to deny Appellant's August 28, 2020 motion for summary judgment to dismiss the Complaint. * * *
>
> 4. It was prejudicial error to grant * * * Appellees' combined summary judgment motion to dismiss Appellant's Counterclaim/Third-Party Claim Number 4 * * * and for judgment in Appellees' favor on the Complaint claim[.]
>
> 5. It was prejudicial error and an abuse of discretion to rule that Appellant's discovery motions were moot: Appellant's November 9, 2020 motion for a continuance to receive Appellees' discovery responses * * *; Appellant's motion to compel Appellees' discovery responses * * *; and Appellant's Civil Rule 56(F) motion for a continuance to receive Appellees' discovery responses[.]
>
> 6. It was prejudicial error and an abuse of discretion to rule that Appellant's motion to amend the Answer was moot. * * *

**{¶ 2}** We find that Jones is liable to K&D for damages only for the number of days she remained in the apartment after her lease term ended — not for the entire month. We also find that K&D improperly withheld Jones's security deposit under the first lease and is therefore liable to Jones for double damages. We otherwise affirm the trial court's judgments and overrule Jones's assignments of error.

## I. Procedural History and Factual Background

{¶ 3} In May 2020, K&D filed a complaint against Jones for breaching a residential lease agreement that the parties executed in May 2016. According to the lease and account statement attached to the complaint, Jones's lease term ended on May 31, 2018, but she did not move out of the apartment until June 11, 2018, and did not pay any rent for the month of June 2018. K&D demanded $4,598.55 in damages, representing "accelerated rent" and other charges from June 2018 to October 2018.

{¶ 4} In August 2020, K&D filed a motion for default judgment in the amount of $898.55, representing rent and other charges for only the month of June 2018. The trial court ultimately denied this motion.

{¶ 5} The same day K&D filed its motion for default judgment, Jones filed an answer and "counterclaims" against K&D and Reserve.[1] She claimed that she had two lease agreements with K&D. She stated that the parties first executed a lease with a term from May 26, 2015, to May 31, 2016, and she attached a copy of this lease to her complaint. She claimed that she paid to K&D a security deposit pursuant

---

[1] Jones filed a single pleading titled, "ANSWER of [Jones] to [K&D]'s Complaint, and COUNTERCLAIM of [Jones] against [K&D] for Breach of Contract and pursuant to R.C. 5321.16, and COUNTERCLAIM of [Jones] against Counterclaim Defendant, Reserve Apartments, Ltd. for Breach of Contract and pursuant to R.C. 5321.16." Although Jones's claims against K&D are properly titled counterclaims, Jones's claims against Reserve are actually third-party claims against a third-party defendant. *See* Civ.R. 14(A). For ease of reference, in this opinion, we will refer to Jones's "claims."

to this 2015 lease. She alleged that on May 31, 2016,[2] she moved from one apartment unit into another unit in the same building. She claimed that she and K&D executed a second lease for this unit with a term from June 1, 2016, to May 31, 2017, and she paid a second security deposit to K&D pursuant to the terms of this 2016 lease. This 2016 lease, attached to K&D's complaint, automatically renewed for another term from June 1, 2017, to May 31, 2018, and is the subject of K&D's complaint.

{¶ 6} Jones brought four claims against K&D: (1) breach of the 2015 lease for failing to "properly credit payments," (2) breach of the 2016 lease for failing to "properly credit payments," (3) breach of the 2015 lease for failing to return the security deposit she paid pursuant to the 2015 lease, and (4) breach of the 2016 lease for failing to return the security deposit she paid pursuant to the 2016 lease. Jones alleged that her claims against K&D "relate" to the Reserve Square Apartments, and Reserve owned the apartment building. Jones claimed that Reserve should therefore be liable for "all or part of" the damages that K&D owed her. Jones demanded $800.44 in damages from both K&D and Reserve.

{¶ 7} The same day that Jones filed this pleading, she filed a motion for summary judgment on K&D's claim for Jones's failure to move out of the apartment when her second lease term ended on May 31, 2018. She explained that on February 28, 2018, she sent an email to K&D providing notice that she would be moving out when her lease ended on May 31, 2018, and she attached the email as an exhibit.

---

[2] The complaint states that she moved on May 31, 2015, but in a later motion to amend her answer, Jones clarified that "2015" was a typo and that she actually moved on May 31, 2016.

She also supported her summary judgment motion with an affidavit. She averred in part that "[a]pproximately seven to ten days after June 1, 2018," she received a notice under her door demanding that she vacate the unit. Jones argued in her summary judgment motion that she and K&D therefore had no lease agreement in June 2018, and she owed no rent to K&D for June 2018 or later.

{¶ 8} In October 2020, K&D and Reserve filed an opposition to Jones's summary judgment motion. They also filed a joint motion for summary judgment on (1) K&D's claim for Jones's alleged breach of the 2016 lease, and (2) Jones's four claims for K&D's alleged breaches of the 2015 and 2016 leases. K&D and Reserve argued that when Jones did not vacate the apartment until June 11, 2018, she created a new One-year lease term, and she became liable for another year of rent. K&D stated that it was nonetheless "electing" to pursue only $898.55, representing rent for "the time" Jones remained in the apartment in June 2018. In their summary judgment motion, K&D and Reserve characterized Jones's four claims for breaches of the 2015 and 2016 leases as "a claim for the return of her security deposit" and maintained that K&D applied Jones's security deposit that she paid pursuant to the 2016 lease to the amount she owed for June 2018 rent.

{¶ 9} In November 2020, Jones filed a combined reply in support of her summary judgment motion on K&D's claim and a motion for "a continuance pursuant to Civ.R. 56(F)" to file an opposition to K&D and Reserve's summary judgment motion on her four claims. She maintained that she was still waiting to

receive K&D's discovery responses regarding its efforts to find a replacement tenant and to mitigate its damages.

{¶ 10} Also in November 2020, Jones filed a motion for leave to amend her answer to add an affirmative defense that the 2016 lease was "illegal or unenforceable," to clarify that "all debits and credits on the account are at issue," and to correct a typo.

{¶ 11} In December 2020, Jones filed a motion to compel K&D's discovery responses. Jones also filed an opposition to K&D and Reserve's summary judgment motion on her four claims and a continuance to respond more fully after she received K&D's discovery responses. Jones argued in her opposition that K&D overcharged her for utilities and rent from May 2015 to May 2018 and failed to return her security deposits under both the 2015 and the 2016 leases. She supported her opposition with seven exhibits, including both leases and K&D's response to her requests for admissions. Jones then filed a motion for "partial summary judgment as to liability for all counterclaims." In this motion, she incorporated her arguments and exhibits from her opposition to K&D's summary judgment motion.

{¶ 12} On January 3, 2021, the trial court granted K&D and Reserve's motion for summary judgment on all claims. The trial court found that K&D was entitled to payments for rent and utilities for "the days in June 2018 that [Jones] resided in the apartment[.]" The trial court entered judgment against Jones for the exact amount K&D requested for the entire month of June 2018, $898.55, plus interest at the statutory rate from the date of the order. The trial court also denied

as moot Jones's motion to amend her answer, motion to compel, and two motions for summary judgment.

{¶ 13} On January 14, 2021, Jones filed a combined motion for relief from judgment pursuant to Civ.R. 60, motion to stay proceedings, and motion to waive supersedeas bond. She maintained that she received K&D's partial discovery response on December 31, 2020, three days before the trial court's order granting summary judgment to K&D and Reserve on Sunday, January 3. She also argued that the trial court's finding that K&D is entitled to payment for the days in June 2018 that she resided in the apartment meant that the judgment against her should be prorated, not rent for the entire month.

{¶ 14} In February 2021, Jones timely appealed the trial court's judgment granting K&D and Reserve's summary judgment motion. The following week, Jones filed a motion in this court requesting that we remand the matter to the trial court for the limited purpose of ruling on her post-judgment motion. We granted the motion and remanded. On remand, the trial court denied Jones's post-judgment motion. This court reinstated the appeal. We address Jones's assignments of error out of order for ease of discussion.

## II. Summary Judgment

{¶ 15} Jones argues in her first four assignments of error that the trial court erred in granting K&D and Reserve's summary judgment motion and in denying her summary judgment motions. Jones's first four assignments of error overlap with each other, but all challenge the merits of the trial court's summary judgment

rulings.[3]    Therefore, instead of addressing these assignments of error in chronological order, we will address them as we consider the merits of each claim presented by K&D and Jones.

{¶ 16} We review a trial court's judgment granting a motion for summary judgment de novo. *Citizens Bank, N.A. v. Richer*, 8th Dist. Cuyahoga No. 107744, 2019-Ohio-2740, ¶ 28. Thus, we independently "examine the evidence to determine if as a matter of law no genuine issues exist for trial." *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 383, 701 N.E.2d 1023 (8th Dist.1997). We therefore review the trial court's order without giving any deference to the trial court. *Citizens Bank* at ¶ 28. "On appeal, just as the trial court must do, we must consider all facts and inferences drawn in a light most favorable to the nonmoving party." *Glemaud v. MetroHealth Sys.*, 8th Dist. Cuyahoga No. 106148, 2018-Ohio-4024, ¶ 50.

{¶ 17} Pursuant to Civ.R. 56(C), summary judgment is proper where (1) "there is no genuine issue as to any material fact," (2) "the moving party is entitled to judgment as a matter of law," and (3) "reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made." *Harless v. Willis Day Warehousing Co.*, 54 Ohio

---

[3] In her first assignment of error, Jones contends that the trial court erred because K&D and Reserve failed to move for summary judgment on three of her claims. In her second assignment of error, she maintains that the trial court erred in denying her motion for summary judgment on all four of her claims. In her third assignment of error, she contends that the trial court should have granted her motion for summary judgment on K&D's claim for damages for the entire month of June 2018. In her fourth assignment of error, she argues that the trial court erred in granting K&D's motion for summary judgment on K&D's claim and her claim for the return of her security deposit under the 2016 lease.

St.2d 64, 66, 375 N.E.2d 46 (1978). Trial courts should award summary judgment only after resolving all doubts in favor of the nonmoving party and finding that "reasonable minds can reach only an adverse conclusion" against the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138 (1992).

{¶ 18} The moving party carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the movant fails to meet this burden, summary judgment is not appropriate. *Id.* at 293. If the movant does meet this burden, the burden shifts to the nonmovant to establish the existence of genuine issues of material fact. *Id.*

### A. K&D's Claim that Jones Breached the 2016 Lease

{¶ 19} In her third assignment of error, Jones argues that the trial court erred by denying her motion for summary judgment on K&D's claim for breach of contract. In her fourth assignment of error, she also contends that the trial court erred in granting K&D and Reserve's summary judgment motion on this claim. She maintains that K&D cannot establish the first prong of a breach-of-contract claim: the existence of a contract between them in June 2018. K&D argues that the trial court correctly granted summary judgment in its favor on its claim that Jones breached the 2016 lease because Jones renewed the lease term for another year when she stayed in the apartment into June 2018.

{¶ 20} To recover on a claim for breach of contract, a plaintiff must demonstrate (1) the existence of a binding contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) damages resulting from the breach. *Corsaro v. ARC Westlake Village, Inc.*, 8th Dist. Cuyahoga No. 84858, 2005-Ohio-1982, ¶ 20, citing *Am. Sales, Inc. v. Boffo*, 71 Ohio App.3d 168, 175, 593 N.E.2d 316 (2d Dist.1991).

{¶ 21} The 2016 lease states that the lease term was June 1, 2016, to May 31, 2017, and that the term "shall renew from year to year" with a 2-percent increase in the monthly rent, "unless either party notifies the other, in writing, at least sixty (60) days prior to the end of the then current term, that either party desires to terminate this Rental Agreement at the end of such term." There is no dispute that the lease renewed for a term of June 1, 2017, to May 31, 2018, with a 2-percent increase in monthly rent.

{¶ 22} Jones presented evidence that in February 2018, more than sixty days before the end of the "then current term," Jones sent an email to K&D providing notice that she intended to terminate the rental agreement. The email states the following in relevant part: "I'm giving notice that I will be moving out at the end of my lease, which ends May 31[.]" In an affidavit, Jones stated that on May 31, 2018, she went to K&D's office to "verify final move-out procedures," and the employee with whom she spoke initially could not locate any record of her notice of terminating the lease. Jones averred that the employee "eventually did confirm" that K&D had her notice from February. Jones also presented an email she sent to

K&D on May 31, 2018, forwarding her February email and stating, "Please see one email I sent in February below. FYI. I am moving but staying in the downtown Cleveland area, so I can follow up with [a]nything at Reserve Square even after I move." K&D does not challenge this evidence or Jones's argument that she gave K&D notice that she intended to terminate the lease.

{¶ 23} However, as the parties agree, Jones remained in the apartment after the lease terminated on May 31, 2018. K&D maintains that Jones's continued occupancy of the apartment into June created a new one-year lease term, but that it is seeking payment only for the entire month of June 2018 as a gesture of "good faith." Jones argues that the conduct of the parties shows that they did not intend to enter a new one-year lease term.

{¶ 24} "A tenant who holds over, or remains in possession of leased property, after the term of his lease expires is a tenant at sufferance." *Adams v. Relmax*, 2018-Ohio-1751, 111 N.E.3d 758, ¶ 10 (8th Dist.). In such a situation, "the landlord may elect to treat the tenant as a trespasser, or hold him to a new lease term." *Kazmaier v. Fat Jacks, L.L.C.,* 6th Dist. Woods Nos. WD-09-048 and WD-09-057, 2010-Ohio-3627, ¶ 18. "In such cases, the conduct of the parties determines whether an implied contract arises." *Steiner v. Minkowski*, 72 Ohio App.3d 754, 762 (6th Dist.1991). The right of a landlord to hold the tenant to a new lease term "will not be affected by the fact that the tenant refused to renew the lease, and gave notice that he had hired other premises." *Pyros v. Gould, Inc.,* 8th Dist. Cuyahoga No. 61999, 1993 Ohio App.LEXIS 2373, 11-12 (May 6, 1993), quoting *Baltimore & O.R.*

*Co. v. West*, 57 Ohio St. 161, 166-167, 49 N.E. 344 (1897). But "[t]he theory of holding over is never permitted to operate against the clear intention of the parties." *Pyros*, citing *Smith v. Gulf Refining Co.*, 57 Ohio App. 73, 74, 11 N.E.2d 706 (8th Dist.1937).

{¶ 25} Jones relies on *Palevsky v. Bentfield*, 46 Ohio App. 385, 188 N.E. 660 (8th Dist.1933), in which this court held that a tenant who gave his landlord notice that he would vacate the premises but held over in the property for one day after his lease ended was not liable to the landlord for an extra month of rent. We recognized a general rule that "where a tenant holds over for a day or a fraction of a day, the landlord has a right to consider the tenancy as continuing and to demand his rent which has become due." *Id.* at 387. We explained that "holding over is based upon an implied agreement[.]" *Id.* By remaining in the property, the tenant shows that "he intends to continue the relationship," and "[i]f the landlord so elects, the tenant is then bound." *Id.* But we found that the tenant's act of notifying the landlord of his intent to vacate the property "clearly rebutted any intention on the part of the tenant to remain," and "no implied agreement resulted or could result." *Id.* at 388.

{¶ 26} K&D and Reserve argue that *Palevsky* is distinguishable because (1) the parties in *Palevsky* had agreed to only a month-to-month tenancy, (2) the opinion does not specify whether the agreement was written or oral, (3) the opinion does not specify whether the parties' agreement included "an unambiguous renewal provision," and (4) the tenant held over for less than one day. However, these factual differences between this case and *Palevsky* do not diminish our reasoning in

*Palevsky* that tenants' acts of notifying their landlords of their intent to move out is relevant to determine whether an implied contract for a new rental term was created. And *Palevsky* is not the only case standing for this principle. *See, e.g., Jones v. Simondis*, 11th Dist. Trumbull No. 97-T-0073, 1998 Ohio App. LEXIS 1210, 16 (Mar. 27, 1998) (finding that a tenant's conduct of giving his landlord notice of his intent to vacate the premises was "an indication" that he did not intend to continue the tenancy even though he did not return his keys until two days after the tenancy period ended).

{¶ 27} K&D and Reserve also argue on appeal that Jones's conduct of remaining in the apartment into June 2018 was inconsistent with her notice that she intended to terminate the lease, and she therefore "waive[d]" her notice. However, K&D and Reserve did not make this argument in their summary judgment motion, and they cannot raise it for the first time on appeal. *Realty Trust Servs., L.L.C. v. Mohammad*, 8th Dist. Cuyahoga No. 108968, 2020-Ohio-3736, ¶ 16.

{¶ 28} Regardless of Jones's intent, the more relevant inquiry is K&D's conduct and whether K&D chose to treat Jones as a trespasser or to hold her to a new lease term. *See Pyros,* 8th Dist. Cuyahoga No. 61999, 1993 Ohio App.LEXIS 2373, at 11 ("The election is solely that of the landlord."). The record must contain "some evidence that the landlord acquiesced in the tenant's holding over." *Pyros*, citing *Baltimore*, 57 Ohio St. at 168, 49 N.E. 344. For example, in *Simondis*, the Eleventh District found that the tenant was not liable for a full month of rent even though he did not return his keys until two days after his tenancy period ended in

part because the record contained no evidence that the landlord "acquiesced" in the tenant's "holding over" or that the landlord "affirmatively elected to treat [the tenant] as a holdover tenant." *Simondis* at 16. And in *Pyros*, we found that a commercial tenant was not liable for rent for an additional term because evidence that the landlord denied the tenant access to the building showed that the landlord had elected to treat the tenant as a trespasser and "never acquiesced to a hold-over tenancy." *Pyros* at 15.

{¶ 29} The evidence in this case shows that K&D elected to treat Jones as a trespasser, not to hold her to a new lease term. In her affidavit attached to her summary judgment motion, Jones averred that "[a]pproximately seven to ten days after June 1, 2018," she received a letter from K&D under the door of her apartment "demanding that [she] vacate the Residential Unit[.]" Jones also produced a "Final Account Statement," which she averred K&D had mailed to her in July 2018 (and which lists a balance due of $11,302.55). The statement is dated June 29, 2018, and it includes a line item for "Notice Given" on June 11, 2018. K&D does not challenge Jones's evidence and does not dispute that it put a letter under Jones's door demanding that she vacate the apartment. The account statement attached to K&D's summary judgment motion also shows that K&D initially charged Jones for only eleven days' worth of rent and utilities in June 2018: on June 1, 2018, K&D charged Jones for rent and utilities and the same day gave her a credit for 19 days. K&D did not charge Jones rent for the rest of June 2018 until June 29, 2018 — after K&D demanded that she vacate and after she did vacate the apartment. K&D's conduct

demonstrates that it initially treated Jones as a trespasser, charged her for only the days she trespassed, and did not agree to a holdover tenancy. K&D's conduct and Jones's notice that she planned to terminate the lease show that the parties did not intend to renew the lease term even though Jones retained possession of the apartment beyond May 31, 2018.

{¶ 30} Accordingly, no contract existed between K&D and Jones for a new lease term from June 2018 to June 2019. Jones is therefore not liable to K&D for rent for the entire month of June 2018 or accelerated rent for the remainder of the year.

{¶ 31} However, the parties agree that the lease term ended on May 31, 2018, and the undisputed summary judgment evidence shows that Jones did not move out of the apartment until June 11, 2018. Therefore, Jones breached the lease agreement, and K&D is entitled to damages for the 11 days in June 2018 that Jones remained in the apartment beyond the lease term. *See Ozdemir v. Boldt*, 6th Dist. Lucas No. L-18-1022, 2018-Ohio-5008, ¶ 20-23 (holding that tenant who held over 5 days beyond end of lease term was liable for 5 days of prorated rent, not the entire month of rent); *Village Station Assocs. v. Geauga Co.*, 84 Ohio App.3d 448, 451-452, 616 N.E.2d 1201 (11th Dist.1992) (finding that a tenant was liable only for the value of the 9 days it held over). The account statement attached to K&D's summary judgment motion shows that Jones's account balance for 11 days of damages (including charges for 11 days of rent and utilities, a late fee, and credit for her security deposit) was $323.35.

**{¶ 32}** The trial court's order granting summary judgment to K&D stated that K&D was entitled to payment for rent and utilities "for the days in June 2018 that [Jones] resided in the apartment" but nonetheless ordered Jones to pay $898.55 — which included rent and utilities for the entire month, not prorated for 11 days. We therefore affirm the trial court's judgment granting K&D summary judgment on its claim, but we modify the damages award.

**{¶ 33}** Accordingly, we overrule in part Jones's third and fourth assignments of error as they relate to damages for 11 days in June 2018, and we sustain them in part as they relate to damages for the remainder of the month of June 2018. We hold that Jones is liable to K&D for $323.35.

### B. Jones's Claims

**{¶ 34}** In her first assignment of error, Jones argues that the trial court erred in granting summary judgment in favor of K&D and Reserve on three of her four claims. She maintains that K&D and Reserve moved for summary judgment only on (1) K&D's claim that Jones breached the 2016 lease, and (2) Jones's claim that K&D failed to return her security deposit under the 2016 lease. She argues that K&D and Reserve's summary judgment motion did not address her claims that (1) K&D overcharged her under the 2015 lease, (2) K&D overcharged her under the 2016 lease, and (3) K&D failed to return her security deposit under the 2015 lease. In her second assignment of error, Jones argues that the trial court erred in denying her motion for partial summary judgment as to liability on her claims as moot.

{¶ 35} K&D and Reserve moved for summary judgment on "all claims." However, in their two-paragraph argument section addressing Jones's claims, K&D and Reserve characterize Jones's four claims "as a claim for the return of her security deposit" that she paid pursuant to the 2016 lease. K&D and Reserve presented an argument only on Jones's claim for the return of her security deposit under the 2016 lease, and they completely ignored her claims regarding K&D's alleged improper charges under the 2015 and 2016 leases and K&D's alleged failure to return Jones's security deposit under the 2015 lease. In their appellee briefs to this court, K&D and Reserve again do not address these claims.

{¶ 36} However, all four of Jones's claims are properly before us for review. Civ.R. 13(B) provides that "[a] pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim." This court has previously recognized that "any claim against an opposing party, even if not arising from the same operative facts, may be raised as a counterclaim." *Midland Funding, L.L.C. v. Trivers*, 8th Dist. Cuyahoga No. 101792, 2014-Ohio-5557, ¶ 15; *see also CitiMortgage, Inc. v. Slack*, 8th Dist. Cuyahoga No. 94899, 2011-Ohio-613, ¶ 11. Even though Jones's claims were unrelated to K&D's claim that she failed to timely move out of the apartment, she properly brought them as permissive counterclaims pursuant to Civ.R. 13(B).

{¶ 37} Jones filed a motion for summary judgment as to the liability portion on all four of her claims (requesting to preserve the issue of damages for trial), and

the trial court entered summary judgment in favor of K&D and Reserve on all four claims even though K&D and Reserve did not address the two claims related to the 2015 lease and the claim that K&D overcharged her pursuant to the 2016 lease. The text of the trial court's judgment entry states that it is granting summary judgment on K&D and Reserve's "complaint and against [Jones's] counter and cross claims," but the rest of the text of the judgment entry addresses only K&D's claim that Jones failed to move out of the apartment on time and does not mention Jones's claims regarding the 2015 lease or alleged improper charges under the 2016 lease.

{¶ 38} It was improper for the trial court to grant summary judgment in favor of K&D and Reserve on Jones's claims without actually considering the claims. However, this error warrants reversal only if we find, after our de novo review of the merits of Jones's claims, that K&D and Reserve are not entitled to judgment as a matter of law.

### 1. Improper Charges under the 2015 Lease

{¶ 39} For her first claim, Jones argues that K&D and Reserve breached the 2015 lease by charging her for water and electricity. She argues that Cleveland Codified Ordinances ("C.C.O.") 375.05 prohibited K&D and Reserve from charging her for these utilities.

{¶ 40} C.C.O. 375.05, titled "Payment of Utilities" states as follows:

(a) A landlord who is a party to a rental agreement shall pay for the electric, gas, and water services for the tenant's dwelling unit unless:

(1) The applicable utility service is provided to the tenant's dwelling unit through an individual meter or submeter that measures usage only in the tenant's dwelling unit; and

(2) The rental agreement provides that, with respect to the applicable utility service, the tenant shall pay only for the cost of the utility service that is provided through the individual meter or submeter during the tenancy; and

(3) The rental agreement provides that the tenant shall have reasonable access at all times to the individual meter or submeter, for the purpose of reading the meter or submeter; and the landlord grants the tenant such access to the individual meter or submeter; and

(4) The provisions in the rental agreement that implement this section are stated in clear and unambiguous language.

{¶ 41} Jones argues that although she does not know if the utility services were provided to her apartment through an individual meter, K&D and Reserve did not meet elements numbers two, three, or four because the 2015 lease did not provide in "clear and unambiguous language" that she would pay only for the cost of the utility provided through her individual meter and that she would have reasonable access to the meter at all times. She maintains that K&D and Reserve were therefore obligated to pay for her electric, gas, and water services.

{¶ 42} After reviewing the evidence in the record, we find that K&D and Reserve did not violate C.C.O. 375.05. The account statements show that K&D charged Jones monthly for "utility recovery charges." This demonstrates that K&D paid the utility companies and simply passed the cost on to Jones. C.C.O. 375.04 requires landlords to pay for electric, gas, and water service unless the tenant's unit has a separate meter; the ordinance does not prohibit the landlords from then charging tenants for the services. The ordinance provides a form of tenant protection where utility meters are shared by requiring the utilities to be in the

landlord's name.  *See* McDonough, *Then and Now: The Uniform Residential Landlord and Tenant Act and the Revised Residential Landlord and Tenant Act — Still Bold and Relevant?*, 35 U. Ark. Little Rock L. Rev. 995-996 (2013).  But the ordinance does not exempt tenants from paying for the utility services they use in the form of rent or payment to their landlords.

{¶ 43} Accordingly, we find that there is no genuine issue of material fact, and K&D and Reserve are entitled to judgment as a matter of law on this claim.  We therefore overrule Jones's first and second assignments of error as they pertain to this claim.

### 2.  Improper Charges under the 2016 Lease

{¶ 44} Jones also asserted as a claim that K&D and Reserve breached the 2016 lease by charging her for water and electricity.  As we explained previously, C.C.O. 375.05 did not prohibit K&D from passing on the costs of these utilities to Jones.  However, under this claim, Jones also argues that K&D overcharged her for rent when the 2016 lease automatically renewed in June 2017.

{¶ 45} The 2016 lease provides that rent would be $889.00 per month from June 1, 2016, to May 31, 2017, and increase by 2 percent each year.  The parties also executed a "Rent Credit/Incentive Lease Addendum," which stated that it "is made a part of the Lease executed by the parties."  The addendum provided in relevant part that "Resident has received from Landlord rent credits and/or incentive(s) in the form of: PEP Discount = $22.00 off for the months of June 2016 to June 2017." It also stated that "Resident acknowledges that the rent credits and/or incentives

listed with end dates (if applicable) in Paragraph 1 will cease and the rent amount will be increased to the market rental rate upon renewal of the lease term." With the "PEP Discount," the rent for June 2016 to June 2017 was therefore $867.00 per month.

{¶ 46} Jones argues that when this lease automatically renewed in June 2017, the 2-percent rent increase should have been calculated from her discounted rent of $867.00, resulting in monthly rent of $884.00 for the following year. She maintains, however, that K&D calculated the 2-percent increase from the pre-discounted rate of $889.00 and therefore overcharged her for rent.

{¶ 47} We disagree with Jones's argument. The 2016 lease states that the 2-percent yearly rental increase "shall be computed on the rental amount as stated in this Rental Agreement for the initial year and thereafter on the rental amount for a renewal term regardless of any rent credit previously granted to Resident(s) by Agent." Pursuant to the addendum to the 2016 lease, the $22.00 per-month discount is a "rent credit." Jones's rent for June 2017 through May 2018 was therefore properly a 2-percent increase from the prediscounted rate of $889.00 per month.

{¶ 48} Accordingly, we find that K&D and Reserve did not overcharge Jones for water, electricity, or rent under the 2016 lease. There is no genuine issue of material fact, and K&D and Reserve are entitled to judgment as a matter of law on this claim. We therefore overrule Jones's first and second assignments of error as they pertain to this claim.

### 3. Failure to Return Security Deposit Paid Pursuant to the 2015 Lease

{¶ 49} Jones also maintains as a claim that K&D and Reserve failed to return the $99.00 security deposit that she paid when she signed the May 2015 lease.

{¶ 50} R.C. 5321.16(B) provides:

Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession. The tenant shall provide the landlord in writing with a forwarding address or new address to which the written notice and amount due from the landlord may be sent. If the tenant fails to provide the landlord with the forwarding or new address as required, the tenant shall not be entitled to damages or attorneys fees under division (C) of this section.

{¶ 51} R.C. 5321.16(C) states that if a landlord fails to comply with division (B), "the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees." "The double damages afforded by R.C. 5321.16 serves to compensate injured tenants for the time, inconvenience, and cost of having to sue for the recovery of money wrongfully withheld." *Jensen v. Blvd. Invests. Ltd.*, 8th Dist. Cuyahoga No. 103658, 2016-Ohio-5325, ¶ 18.

{¶ 52} Furthermore, R.C. 5321.16(B) requires the tenant to provide written notice of his or her forwarding address "solely to ensure that [the] landlord has some reasonable method to return the security deposit." *Prescott v. Makowski*, 9 Ohio

App.3d 155, 156, 458 N.E.2d 1281 (8th Dist.1983). If a landlord has "actual notice of a former tenant's new address," then the tenant may recover damages under R.C. 5321.16(C) if the landlord fails to comply with R.C. 5321.16(B). *Amon v. Keagy*, 11th Dist. Trumbull No. 2008-T-0033, 2009-Ohio-3794, ¶ 23.

{¶ 53} After reviewing the record, we find that K&D failed to comply with R.C. 5321.16(B). In its responses to Jones's requests for admissions, K&D admitted that Jones paid a $99.00 security deposit pursuant to the 2015 lease. The record shows that when the 2015 lease terminated, Jones moved into a different unit within the same apartment building, so K&D had actual knowledge of Jones's new address. K&D admitted that it "returned no part of this security deposit to Jones," and there is no evidence in the record that K&D provided Jones with written notice that it was making any deductions from the security deposit. Furthermore, Jones attached to her opposition to K&D and Reserve's summary judgment motion a document from the Ohio Department of Commerce stating that K&D reported $39.73 to the Division of Unclaimed Funds for Jones's "security deposit" for unit "#6V," which was the unit subject to the 2015 lease.

{¶ 54} Accordingly, we find that K&D and Reserve are not entitled to judgment as a matter of law on this claim. To the contrary, we find that there is no genuine issue as to any material fact, and Jones is entitled to judgment as a matter of law on this claim. We therefore sustain Jones's first and second assignments of error as they pertain to this claim. We reverse the trial court's grant of K&D and Reserve's summary judgment motion and denial of Jones's summary judgment

motion on this claim. Because Jones's security deposit was $99.00 and K&D failed to comply with R.C. 5321.16(B), Jones is entitled to double damages in the amount of $198.00.[4]

### 4. Failure to Return Security Deposit Paid Pursuant to the 2016 Lease

{¶ 55} In her final claim, Jones argues that K&D and Reserve failed to return the $99.00 security deposit she paid when she signed the 2016 lease. However, R.C. 5321.16(B) provides that the landlord may apply a tenant's security deposit "to the payment of past due rent[.]" K&D therefore complied with R.C. 5321.16(B) when it subtracted Jones's $99.00 security deposit from the amount Jones owes for the days in June that she retained possession of the apartment.

{¶ 56} We therefore find that there is no genuine issue of material fact, and K&D and Reserve are entitled to judgment as a matter of law on this claim. We overrule Jones's second and fourth assignments of error as they pertain to this claim.[5]

## III. Jones's Discovery Motions and Motion to Amend Answer

{¶ 57} In her fifth assignment of error, Jones argues that the trial court erred in ruling that her motion to compel discovery responses was moot and not ruling on

---

[4] Pursuant to R.C. 5321.16(C), if Jones retained counsel, she would also be entitled to reasonable attorney fees.

[5] Jones's first assignment of error challenges the trial court's order granting K&D and Reserve's summary judgment motion on her first three claims, not her claim for the return of her security deposit under the 2016 lease. However, her second assignment of error challenges the trial court's denial of her summary judgment motion on all four claims, and her fourth assignment of error challenges the trial court's grant of summary judgment to K&D and Reserve on this claim.

her motion for a continuance to oppose K&D and Reserve's summary judgment motion pending their discovery responses. In her sixth and final assignment of error, Jones argues that the trial court erred in ruling that her motion for leave to amend her answer was moot. Jones "consolidated" these assignments of error into a single argument that the trial court erred in denying these motions because it provided no reasoning and simply denied them as "moot."

{¶ 58} We review these rulings for abuse of discretion. *See Nemcek v. N.E. Ohio Regional Sewer Dist.*, 8th Dist. Cuyahoga No. 98431, 2012-Ohio-5516, ¶ 7 (explaining that we review a denial of a motion to compel discovery for abuse of discretion); *Seget v. Seget*, 8th Dist. Cuyahoga No. 83905, 2014-Ohio-6209, ¶ 9 ("The decision to grant or deny a motion for continuance lies within the discretion of the trial court and will not be reversed on appeal unless the trial court has abused its discretion."); *Franciscan Communities, Inc. v. Rice*, 8th Dist. Cuyahoga No. 109889, 2021-Ohio-1729, ¶ 32 ("We review a trial court's decision to deny a motion for leave to file an amended pleading for an abuse of discretion."). An abuse of discretion connotes that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Ruwe v. Bd. of Twp. Trustees*, 29 Ohio St.3d 59, 61, 505 N.E.2d 957 (1987).

{¶ 59} In her motion to compel discovery, Jones sought documents and interrogatory responses that included the following topics: witnesses and documents K&D and Reserve intended to introduce at trial, all charges and credits K&D applied to Jones's account from May 2015 through June 2018; K&D's efforts

to re-lease the apartment; the damages K&D intended to prove at trial; any notice that K&D provided to Jones that it was deducting from her security deposit pursuant to the 2015 lease, and communications that K&D placed under her door in June 2018.

{¶ 60} Docket entries dated December 23, 2020, show that the trial court denied as moot Jones's motion to compel discovery and motion to amend her answer. On January 3, 2021, the trial court granted K&D and Reserve's summary judgment motion. The record reflects that the trial court did not rule on Jones's motion for a continuance to file a more complete opposition to K&D and Reserve's summary judgment motion after receiving discovery, but it is deemed denied for the purposes of this appeal. *See State v. Nikolic*, 8th Dist. Cuyahoga No. 108779, 2020-Ohio-3718, ¶ 5, citing *Savage v. Cody-Zeigler, Inc.*, 4th Dist. Athens No. 06CA5, 2006-Ohio-2760, ¶ 28 ("motions that a trial court fails to explicitly rule upon are deemed denied once a court enters final judgment").

{¶ 61} Jones maintains that the trial court gave no reasoning why it denied these motions. However, given the timing of the trial court's judgments, we can reasonably conclude that the trial court thought that further discovery and the proposed amendments to Jones's answer would not have changed the summary judgment outcome. Based on the record before us, we cannot conclude that the trial court abused its discretion.

**{¶ 62}** Accordingly, we overrule Jones's fifth and sixth assignments of error. We affirm the trial court's judgments denying Jones's discovery motions and motion to amend her answer.

## IV. Conclusion

**{¶ 63}** We affirm in part and reverse in part the trial court's judgments consistent with this opinion. First, we affirm the trial court's denial of Jones's August 28, 2020 motion for summary judgment on K&D's claim for breach of contract; November 6, 2020 motion to amend her answer; December 4, 2020 motion to compel discovery; and December 4, 2020 motion for a continuance.

**{¶ 64}** Second, we affirm in part and reverse in part the trial court's judgments denying Jones's December 15, 2020 summary judgment motion on her claims and granting K&D and Reserve's October 28, 2020 summary judgment motion. We affirm the judgments as they pertain to Jones's claims for (1) improper charges under the 2015 lease, (2) improper charges under the 2016 lease, and (3) the return of her $99.00 security deposit under the 2016 lease. We also affirm the judgments as they pertain to K&D's claim that Jones breached the 2016 lease. But we reverse the judgments as they pertain to Jones's claim that K&D failed to return the $99.00 security deposit she paid pursuant to the 2015 lease: we hold that K&D failed to comply with R.C. 5321.16(B), and K&D is liable to Jones for double damages in the amount of $198.00. We also modify the damages award in the trial court's order granting K&D and Reserve's summary judgment motion: we hold that Jones

is liable to K&D for damages for only the 11 days she remained in the apartment beyond the end of the lease term, in the amount of $323.35.

{¶ 65} We remand with instructions for the trial court to issue a journal entry that (1) awards Jones $198.00 in damages against K&D, and (2) awards K&D $323.35 in damages against Jones.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, ADMINISTRATIVE JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN T. GALLAGHER, J., CONCUR